RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

    Plaintiff,

-v-

Case No. 6:12-cv-813 Orl-22DAB

CHEXSYSTEMS; JPMORGAN CHASE & CO.,

    Defendants.

## VERIFIED COMPLAINT

Plaintiff, Larry Rumbough, hereby sues Defendants, CHEXSYSTEMS and JPMORGAN CHASE & CO.; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and for damages for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI) *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k), and Fla. Stat. §559.77.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

4. This is an action for damages which does not exceed $75,000.00.

5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

6. Defendant, CHEXSYSTEMS ("ChexSystems"), is an unknown entity, not authorized to do business in Florida.

7. Defendant, JPMORGAN CHASE & CO. ("Chase"), is a Delaware corporation, authorized to do business in Florida.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. Plaintiff sent dispute letters to ChexSystems regarding inaccuracies on his credit report reported by Chase on May 10, 2008, June 27, 2008, August 12, 2008, September 26, 2008, November 21, 2008, January 5, 2009, February 20, 2009, May 15, 2009, and September 25, 2009. The details of Plaintiff's disputes are outlined in those letters.

10. ChexSystems has refused to delete, correct, place in dispute, and/or print Plaintiff's consumer statement for the following item: "Washington Mutual Bank 083100003658045" and JPMorgan Chase- Formerly WAMU 083100003658045".

11. ChexSystems provided Plaintiff's consumer report twice to Washington Mutual Bank, now Chase, on May 10, 2007 without verifying that that entity had a permissible purpose to obtain it.

12. ChexSystems failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in his file, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof, failed to properly advise Plaintiff of his ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding his report.

13. Chase, also known as Washington Mutual Bank, has reported false information about Plaintiff to credit reporting agencies, including ChexSystems, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

14. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

15. Chase did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

16. Chase has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

17. On May 10, 2007, Chase obtained Plaintiff's credit report twice from ChexSystems, thereby reducing his credit score. Chase used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification

18. On or about September 1, 2009, Chase sent Plaintiff a letter attempting to collect on a nonexistent alleged debt.

19. On September 29, 2009 Plaintiff sent a letter to Chase demanding validation of the alleged debt. The letter was sent by certified mail and received by Chase on October 1, 2009.

20. Chase did not respond to the letter. Chase has continued to attempt to collect an alleged debt from Plaintiff.

21. On January 29, 2010, Chase obtained Plaintiff's credit report from Experian. Chase used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

22. Chase transferred the account to Capital Management Services, LP; FirstSource Advantage, LLC; and PFG of Minnesota, Inc. for collection on the alleged debt without disclosing that the debt was disputed.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## BY DEFENDANTS CHEXSYSTEMS, CHASE

23. Paragraphs 1 through 22 are realleged as though fully set forth herein.

24. Plaintiff is a consumer within the meaning of §1681a(c).

25. ChexSystems is a consumer reporting agencies as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation.

26. Chase is a furnisher of information within the meaning of §1681s-2.

27. For, at least, two years preceding this suit through the present, ChexSystems has reported and continues to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about Plaintiff. This information has consisted of numerous delinquent tradelines and inquiries.

28. ChexSystems reported this inaccurate and adverse information despite receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information.

29. §1618(n) provides for liability against a consumer reporting agency that willfully fails to comply with any requirement imposed by FCRA.

30. §1681e(b) provides:
"Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

31. §1681i(a) provides:
"If the completeness or accuracy of any item of information contained in a consumer's file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information....If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information....

32. §1681i(b) provides:
"If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one-hundred words if it provides a consumer with assistance in writing a clear summary of the dispute."

33. §1681i(c) provides:
"Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer statement or a clear and accurate clarification or summary thereof."

34. §1681b(f) provides:
"A person shall not use or obtain a consumer report for any purpose unless—
(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

35. §1681s-2 provides:
"After receiving notice pursuant to section §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section §1681i;

(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

36. §1681s-2 provides:
"If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer."

37. ChexSystems violated the FCRA. Defendant's violations include, but are not limited to, the following:
    a) failing, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report;
    b) failing to provide all of the information on file, in violation of §1681(g);
    c) failing to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c);
    d) failing to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);
    e) failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof in violation of §1681(i)(c);
    f) failing to properly advise Plaintiff of his ability to make a consumer explanation;
    g) failing to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff;
    h) failing to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or by failing to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor;
    i) failing to permanently correct Plaintiff's report after repeated notification by Plaintiff;
    j) failing to properly reinvestigate Plaintiff's disputes; and by
    k) concealing from or misrepresenting facts to Plaintiff regarding his report.

38. Chase violated the FCRA. Defendant's violations include, but are not limited to, the following:
    (a) Chase willfully violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely

representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b.
(b) Chase violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against ChexSystems and Chase for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT CHASE

39. Paragraphs 1 through 22 are realleged as though fully set forth herein.

40. Plaintiff is a consumer within the meaning of §1692a(3).

41. Chase is a debt collector within the meaning of §1692a(6).

42. Chase violated the FDCPA. Defendant's violations include, but are not limited to, the following:
   (a) Chase violated §1692e(2) by falsely representing the character, amount, or legal status of any debt.
   (b) Chase violated §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.
   (c) Chase violated §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
   (d) Chase violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
   (e) Chase violated §1692e(11) by failing to warn that it was a debt collector.
   (f) Chase violated §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
   (g) Chase violated §1692g by failure to send a validation notice within five days of the initial communication.
   (h) Chase violated §1692g(b) by not ceasing collection efforts until the debt was validated.

WHEREFORE, Plaintiff demands judgment for damages against Chase, for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT III
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT CHASE

43. Paragraphs 1 through 22 are realleged as though fully set forth herein.

44. Plaintiff is a consumer within the meaning of §559.55(2).

45. Chase is a debt collector within the meaning of §559.55(6).

46. Chase violated the FCCPA. Defendant's violations include, but are not limited to, the following:
   (a) Chase violated §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.
   (b) Chase violated §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.
   (c) Chase violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against Chase for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## VERIFICATION

All the above statements are true to the best of my knowledge. I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Dated: May 29, 2012

Respectfully submitted,

*/s/ Larry Rumbough/*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 29th day of May, 2012 by U.S. Mail delivery to:

Richard B. Weinman
Winderweedle, Haines, Ward & Woodman, P.A.
P.O. Box 1391
Orlando, FL 32802

Fentrice Driskell
Carlton Fields, P.A.
P.O. Box 3239
Tampa, FL 33601

*/s/ Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859