UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH, individually, et al.,

    Plaintiff,

vs.                                                                                Case No. 6:12-cv-0813-ORL-22043

CHEXSYSTEMS; JPMORGAN CHASE & CO.,

    Defendants.
_____/

**MOTION TO DISMISS OR, ALTERNATIVELY, FOR MORE DEFINITE
STATEMENT AND MEMORANDUM OF LAW**

COMES NOW, Defendant CHEX SYSTEMS, INC. ("CHEX"), by and through the undersigned counsel and pursuant to FRCP 12(b)(6) and 12(e), moves to dismiss the Verified Complaint ("Complaint") for failure to state a cause of action or, alternatively, for a more definite statement, and states:

1.    Plaintiff's action against CHEX generally alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. sec. 1681 et seq.

2.    CHEX is not identified in the Complaint; rather Plaintiff identifies "CHEXSYSTEMS". It is unclear whether Plaintiff is identifying CHEX or Chexsystems Collection Agency, Inc. ("CSCA") as the defendant in this action. CSCA is not a consumer reporting agency as defined under §1681(f), as is alleged in the Plaintiff's Complaint.[1]

3.    The allegations asserted in support of the alleged violation of the FCRA by CHEX

---

[1] For purposes of this Motion to Dismiss or, Alternatively, For More Definite Statement ("Motion") only, CHEX assumes arguendo that Plaintiff has sued CHEX. CHEX respectfully reserves all its rights with respect to whether Plaintiff has sued the appropriate entity.

are contained in Paragraphs 9 - 12, 25, 27, 28 and 37 of the Complaint (hereinafter, the "Allegations"). The Allegations identify letters allegedly sent to CHEX (or its affiliate) letters regarding inaccuracies on his credit report by Chase, and identifies the items as "Washington Mutual Bank 083100003658045" and JPMorgan Chase- Formerly WAMU 083100003658045". *See* Complaint at ¶¶ 9, 10. No letters allegedly sent to CHEX are attached as exhibits to the Complaint. There is no indication when the letters were allegedly sent to CHEX, the address utilized, or whether they were received if sent to the incorrect address.

    4.     Plaintiff has failed to state a cause of action against CHEX, and as such, the Complaint must be dismissed. Specifically, Count I fails to state a claim for violation of the FCRA, because Plaintiff failed to identify any:

    (i)     inaccuracy in Plaintiff's consumer credit report(s) that resulted from CHEX' alleged failure to follow reasonable procedures to assure maximum possible accuracy of information in Plaintiff's consumer credit report;

    (ii)    information which was missing or excluded from Plaintiff's credit report;

    (iii)   information not explained to Plaintiff by CHEX' personnel;

    (iv)   information which was not deleted, or was misleading or inaccurate in Plaintiff's consumer credit report prepared or supplied by CHEX;

    (v)    information not provided to subsequent users of the Plaintiff's consumer credit report allegedly prepared and provided by CHEX;

    (vi)   notices allegedly provided by Plaintiff to CHEX which were not adequately processed or corrected in Plaintiff's credit report;

    (vii)  dispute by Plaintiff, which CHEX failed to properly reinvestigate;

    (viii) information concealed or misrepresented to Plaintiff by CHEX regarding Plaintiff's credit report; and

    (ix) date upon which the alleged violation(s) of the FCRA occurred, enabling CHEX to investigate the allegation or allow this Court to determine if Plaintiff's claims have been brought within the applicable two (2) year statute of limitations.

  5. Plaintiff merely alleges that CHEX violated the FCRA in only the barest, most conclusory terms. As discussed below, the allegations in the Complaint are wholly insufficient to state a claim for violation of the FCRA, even under the liberal "notice pleading" standard.

## MEMORANDUM OF LAW

**A. Rule 12(b)(6) Standard**

  In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003 However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009). A pro se litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989). Accordingly, where, as here, a plaintiff's complaint lacks specific factual allegations to support the elements necessary to obtain relief, mere conclusory allegations and legal conclusions will not prevent dismissal. See Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

**B.     Count I of Plaintiff's Complaint (Violation of FCRA) Fails to State a Cause of Action.**

The Complaint contains nothing more than legal conclusions of statutory violations by CHEX.  Plaintiff simply asserts general averments and does not cite to specific factual allegations to support his claims for relief.  As an example, nowhere in the Complaint is there any detail as to the substance of the allegedly erroneous information provided by CHEX. Nor is there any indication, in the form of a specific factual averment, as to the notice Plaintiff is said to have provided to CHEX, the substance of CHEX' response to such notice, or the time period during which Plaintiff is to have communicated their unspecified dissatisfaction to ChEX. Plaintiff merely asserts that "The details of Plaintiff's disputes are outlined in those letters". Complaint at ¶ 9.  The Complaint also fails to state any factual averments as to how CHEX failed to maintain reasonable procedures for preventing the reporting and re-appearing of false and inaccurate credit information. Further, CHEX is left to when Plaintiff discovered the allegedly inaccurate disclosures. Plaintiffs' Complaint also fails to allege any facts regarding causation of damages.

The Allegations are nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and as such, are insufficient to survive an attack under Rule 12(b)(6). <u>See</u>, <u>Iqbal</u>, supra at p. 1949.  The Complaint merely concludes that CHEX violated the FCRA without providing any specific factual basis for these legal conclusions. In light of the foregoing, Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6).

**C.   Plaintiff Should, in the Alternative, be Required to File a More Definite Statement of His Claims in Accordance with Fed. R. Civ. P. 12(e).**

Should the Court decline to dismiss Plaintiffs' Complaint, CHEX moves, in the alternative, for a more definite statement pursuant to Rule 12(e). Under Rule 12(e) of the Federal Rules of Civil Procedure, a plaintiff should be compelled to make a more definite statement of his claim where the complaint as filed "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  Applying this standard to Plaintiff's Complaint, CHEX submits that Plaintiff should be required to amend his Complaint, specifically setting forth both the legal and factual bases for their claims against CHEX.

As discussed above, Plaintiff's Complaint alleges violations of the FCRA. Plaintiff does not allege any specific act or omission by CHEX that would impose liability under the FCRA. As a result, CHEX is unable to frame a responsive pleading, whether it be an answer with affirmative defenses or some other motion. Simply put, CHEX should not have to bear the burden of guessing what factual allegations they must defend against. Plaintiff should make a more definite statement.

WHEREFORE, Defendant Chex Systems, Inc., respectfully requests an Order from this Court dismissing Plaintiff's Complaint or requiring Plaintiff to make a more definite factual statement.

Dated this 7rd day of August, 2012.

*/s/ Richard B. Weinman*
RICHARD B. WEINMAN
Florida Bar No. 0231370
rweinman@whww.com
**WINDERWEEDLE, HAINES, WARD**
 **& WOODMAN, P.A.**

>Post Office Box 1391
>Orlando, FL 32802-1391
>(407) 423-4246
>(407) 423-7014 (facsimile)
>Attorneys for Chex Systems, Inc.

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of August 2012, a true and correct copy of the foregoing was electronically filed with the Clerk in the above Court and all parties of record using the CM/ECF system.

>*/s/ Richard B. Weinman*
>RICHARD B. WEINMAN