# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LARRY RUMBOUGH,**

               **Plaintiff,**

**v.**                                          **Case No:  6:12-cv-813-Orl-22DAB**

**CHEXSYSTEMS and JPMORGAN
CHASE & CO.,**

               **Defendants.**

---

## ORDER

This cause comes before the Court on Defendant Chex Systems, Inc.'s ("Defendant") Motion to Dismiss (Doc. No. 8) and Plaintiff Larry Rumbough's ("Plaintiff") response thereto (Doc. No. 14).

## I. BACKGROUND

Plaintiff's Complaint (Doc. No. 1) alleges that Defendant violated various provisions of the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681 *et seq*. (2006). According to Plaintiff, Defendant "is a consumer reporting agencies [*sic*] as defined in § 1681(f) [of FCRA], regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports . . . to third parties for monetary compensation."[1] (Pl.'s Compl. (Doc. No. 1), ¶ 25.) Plaintiff sent dispute letters to Defendant regarding inaccuracies on his credit report on nine different occasions from 2008 to 2009.[2] *Id.* at ¶ 9.) Despite those letters, Plaintiff claims that Defendant has refused to take any requested

---

[1] Defendant notes that "it is unclear whether Plaintiff is identifying CHEX or Chexsystems Collection Agency, Inc. ("CSCA") as the defendant in this action. CSCA is not a consumer reporting agency as defined under § 1681(f) . . . ." (Def.'s Mot. Dismiss (Doc. No. 8), ¶ 2.)

[2] Copies of those letters were not attached to the Complaint.

action with respect to two items on Plaintiff's credit report, (*id.* at ¶ 10), and has continued to report those inaccuracies to numerous third parties (*id.* at ¶ 27). Further, Plaintiff alleges that Defendant "provided Plaintiff's consumer report twice to Washington Mutual Bank . . . without verifying that that entity had a permissible purpose to obtain it." (*Id.* at ¶ 11.)

Plaintiff also accuses Defendant of committing a litany of violations under the FCRA, including, *inter alia*, failing to follow reasonable procedures to assure the accuracy of the information in Plaintiff's credit report; failing to provide all of the information on file; failing to delete incomplete, misleading, and inaccurate information in the file; and concealing from or misrepresenting facts to Plaintiff regarding his report. (*Id.* at ¶¶ 12, 37.)

## II. LEGAL STANDARD

For purposes of deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts as true the factual allegations in Plaintiff's complaint and draws all reasonable inferences in the light most favorable to the Plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). The Plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court is also mindful of the fact that Plaintiff is proceeding without the assistance of counsel in this litigation. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citations and quotation marks omitted).

## III. ANALYSIS

The FCRA provides procedures for consumer reports and their verification, placing "distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *Chipka v. Bank of Am.*, 355 F. App'x 380, 382 (11th Cir. 2009) (per curiam).

The FCRA permits credit reporting agencies to provide consumer reports for limited purposes as set forth in 15 U.S.C. § 1681b(a). *See Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1317-1318 (11th Cir. 2009). A person shall not obtain these consumer credit reports for any purpose other than an authorized one. As well, such purpose must be certified in accordance with 15 U.S.C. § 1681e by the prospective user of the report "through a general or specific certification." 15 U.S.C. § 1681b(f). If one obtains a consumer credit report for an impermissible purpose, one may be subject to civil liability under 15 U.S.C. § 1681n if the act was one of willful noncompliance or may be subject to civil liability under 15 U.S.C. § 1681o if the act was one of negligent noncompliance.

Plaintiff's FCRA claim amounts to little more than a recitation of the elements of various FCRA causes of action. Plaintiff does not mention the content of the allegedly inaccurate or misleading information provided by Defendant, nor does he attach or describe in any detail the letters that he claims to have sent to Defendant or Defendant's response to those letters, if any. The Complaint also neglects to describe Defendant's personnel training shortcomings or allegedly deficient procedures for investigating challenges to consumers' credit reports. Because "[t]hreadbare recitals of the elements of a cause action, supported by mere conclusory

statements, do not suffice," the Court finds that Plaintiff has failed to plead a plausible claim to relief for any violation of 15 U.S.C. §§ 1681b–1681i. *See Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1.      Defendant's Motion to Dismiss (Doc. No. 8), filed August 7, 2012, is **GRANTED**.

2.      Plaintiff's Complaint (Doc. No. 1), filed May 29, 2012, is **DISMISSED without prejudice**.

3.      Plaintiff is granted leave to file an amended complaint on or before December 3, 2012. The amended complaint shall not serve as an opportunity to add new claims; rather, this represents a chance for Plaintiff to remedy the pleading deficiencies identified herein. Failure to file an amended complaint by this date may result in dismissal of this case without further notice.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 16, 2012.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties