**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LARRY RUMBOUGH,

    Plaintiff,

Case No. 6:12-cv-813-ORL-22DAB

-v-

CHEXSYSTEMS; JPMORGAN CHASE & CO.,

    Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANT CHEXSYSTEM'S MOTION TO DISMISS COUNT I OF FIRST AMENDED COMPLAINT WITH PREJUDICE AND MEMORANDUM OF LAW

Plaintiff, Larry Rumbough, files this Response to Defendant ChexSystem's Motion to Dismiss Count I of First Amended Complaint with Prejudice and Memorandum of Law, and states:

1. Defendant ChexSystems has filed a Motion to Dismiss directed to the Plaintiff's First Amended Complaint. The motion includes and relies on numerous extraneous documents not in the record and not attached to or incorporated in Plaintiff's First Amended Complaint.

2. There is no verification of the documents attached to ChexSystem's motion. Some of the documents Plaintiff has never seen before.

3. Discovery has not been completed in this case.

### LEGAL MEMORANDUM

4. Under Federal Rule 12(d) the court must only consider matters not outside the pleadings. Defendant has attempted to present matters outside the Plaintiff's First Amended Complaint. The court can treat this Motion as a Motion for Summary Judgment under

Rule 56 but should do so only after giving the Plaintiff notice that it intends to do so and giving Parties ample time to present all materials pertinent to a Motion for Summary Judgment. *Federal Civil Rules Handbook*, Baicker-McKee, Janssen and Corr, 2013 ed.

5. A claim may only be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because the facts alleged are implausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quotation marks omitted); *see, e.g.*, <u>Fraternal Order of Police v. Library of Congress</u>, 692 F. Supp. 2d 9, 20 (D.D.C. 2010) Also, although Rule 8(a) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' the complaint must be detailed enough to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" <u>Dorsey v. American Express Co.</u>, 499 F. Supp. 2d 1, 3 (D.D.C. 2007) (alteration in original) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555. Plaintiff's Complaint survives those tests.

6. His case is not ready for summary judgment submissions yet as no discovery has been completed as of yet. Conversion to treatment as a Motion for Summary Judgment does not happen automatically. <u>Swedberg v. Marotzke</u>, 339 F. 3d 1139 (9th Cir 2003)

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Court order that Defendant ChexSystem's Motion to Dismiss be denied.

Dated: February 6, 2013					Respectfully submitted,

					__s/ J. Marshall Gilmore_____
					J. Marshall Gilmore
					Florida Bar No. 840181
					1936 Lee Road, Suite 100
					Winter Park, FL 32789
					(407) 629-7322 (407) 599-3801 fax
					mgilmore@mgilmorelaw.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 6th day of February, 2013 by CM/ECF system.

                                              _s/J. Marshall Gilmore_____
                                              J. Marshall Gilmore, Esq.