UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

                Plaintiff,

-vs-                                                              Case No. 6:12-cv-813-Orl-22DAB

CHEX SYSTEMS, INC. and JP MORGAN
CHASE & CO.,

                Defendants.

_____/

## ORDER

This cause comes before the Court for consideration of Defendant Chex Systems, Inc.'s ("Chex") Motion to Dismiss Count I of First Amended Complaint With Prejudice (Doc. No. 25) and Plaintiff's Response (Doc. No. 28) to that motion. After carefully considering the motion, the Court determines that it must be granted, but without prejudice. Plaintiff will be afforded one last opportunity to attempt to state a viable claim for relief against Chex, if he can do so consistent with the requirements of Fed. R. Civ. P. 11.

Count I of the First Amended Complaint purports to assert a claim of violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, against Chex Systems, Inc. ("Chex") and its co-defendant, JP Morgan Chase & Co.[1] When the Court granted Chex's prior motion to dismiss, it did so on the following basis:

---

[1] JP Morgan Chase & Co. has answered the First Amended Complaint.

> Plaintiff's FCRA claim amounts to little more than a recitation of the elements of various FCRA causes of action. Plaintiff does not mention the content of the allegedly inaccurate or misleading information provided by Defendant, nor does he attach or describe in any detail the letters that he claims to have sent to Defendant or Defendant's response to those letters, if any. The Complaint also neglects to describe Defendant's personnel training shortcomings or allegedly deficient procedures for investigating challenges to consumers' credit reports. Because "[t]hreadbare recitals of the elements of a cause [of] action, supported by mere conclusory statements, do not suffice," the Court finds that Plaintiff has failed to plead a plausible claim to relief for any violation of 15 U.S.C. §§ 1681b-1681i. *See [Ashcroft v.] Iqbal,* 556 U.S. [662,] 678 [(2009)]."

(Doc. No. 19 at pp. 3-4.) Based on that rationale, the Court granted Chex's motion to dismiss, but gave Plaintiff leave to file an amended complaint remedying the pleading deficiencies identified in the order quoted above. (Id. at p. 4.)

Plaintiff responded by filing a First Amended Complaint. (Doc. No. 24.) Unlike the initial complaint, which Plaintiff drafted himself, the amended pleading was signed by an attorney. To this most recent pleading, Plaintiff's counsel attached letters Plaintiff sent Chex and some of Chex's written replies (although it appears he did not attach all of Chex's replies and some of the copies he did attach were incomplete). (*See* Doc. Nos. 24-1, 24-2, 24-3.) Additionally, Plaintiff's counsel inserted references to those letters in the pleading, suggested the letters' contents "clearly established" that Chex violated the FCRA, and added a few paragraphs that contained largely conclusory allegations. (*See* Doc. No. 24, ¶¶ 9, 12, 13, 14, 15, 31 & 40.)

Despite these changes, Plaintiff's current pleading still fails to state a plausible claim for relief. Contrary to Plaintiff's position, the letters Plaintiff has attached to the First Amended Complaint do not, in and of themselves, demonstrate how Chex violated the FCRA. They do articulate Plaintiff's

dispute regarding the accuracy of the underlying credit matter reported by JP Morgan Chase & Company, as well as Plaintiff's demand that Chex not report that information, but they do not plausibly explain how Chex violated the various aspects of the FCRA Plaintiff cites. Demonstrating that a credit report contained inaccurate information is not enough to impose FCRA liability on a credit reporting agency; the FCRA "does not make reporting agencies strictly liable for all inaccuracies." *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *see also, Bermudez v. Equifax Info. Servs., LLC*, No. 6:07-cv-1492-Orl-31GJK, 2008 WL 5235161 *2 (M.D. Fla. Dec. 15, 2008) (citing *Cahlin*). Plaintiff seems to believe that the letters facially demonstrate the statutory violations he alleges; however, they do not. Some explanation is required. It simply does not suffice to attach documents to a complaint, then attempt to use those documents as a substitute for plausible pleading. That is precisely what Plaintiff has done here. Thus, while Plaintiff's First Amended Complaint represents an incremental improvement over his first effort, Plaintiff is still relying on threadbare recitations and conclusory statements and has not plausibly explained how Chex violated the FCRA.

Chex complains that Plaintiff failed to file some of the letters Chex sent Plaintiff in response to his complaints about his credit report, and that Plaintiff omitted the enclosures to some of the letters he did attach as exhibits. Consequently, Chex has submitted what it represents is the complete set of its letters. Chex's submission suggests that the omissions are significant. However, the Court cannot consider Chex's additional documents in evaluating the motion to dismiss because Plaintiff challenges their authenticity, albeit weakly. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (stating that a court may properly consider a document attached to a motion to dismiss and need not convert the motion into a motion for summary judgment if the document is central to the plaintiff's claim and

undisputed, *i.e.*, its authenticity is not challenged).   In that regard, Plaintiff states:  "There is no verification of the documents attached to [Chex's] motion.  Some of the documents Plaintiff has never seen before."  (Doc. No. 28, ¶ 2.)  The fact that the Court cannot consider these other documents makes no difference regarding the outcome of this motion, though, because, as previously explained, what Plaintiff did submit fails to state a plausible claim for relief.  Hence, the motion to dismiss is due to be granted without considering the documents attached to Chex's response.

However, the letters Chex has submitted do have implications beyond the present motion.  If authentic, these letters raise serious questions about whether some or all of Plaintiff's FCRA claims are factually and legally supportable and therefore pass muster under Fed. R. Civ. P. 11.  Accordingly, the Court will give Plaintiff one final opportunity to amend to state a plausible claim for relief against Chex, but only if he can do so consistent with the requirements of Rule 11.

Based on the foregoing, it is ORDERED as follows:

1. Defendant Chex Systems, Inc.'s Motion to Dismiss Count I of First Amended Complaint With Prejudice (Doc. No. 25), filed on January 22, 2013, is GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as it seeks dismissal of Count I of the First Amended Complaint as to Chex.  The Motion is DENIED insofar as it seeks dismissal of that count with prejudice.  Instead, Count I of the First Amended Complaint is DISMISSED, WITH LEAVE TO AMEND, as to Chex.

2. Plaintiff shall file and serve a Second Amended Complaint, amending the pleading deficiencies regarding Chex, on or before April 30, 2013, if he can do so consistent with the requirements of Fed. R. Civ. P. 11.

    3. If Plaintiff does not file and serve a Second Amended Complaint by April 30, 2013, Chex will be dismissed without further notice as a defendant herein and the case will proceed against JP Morgan Chase & Co. on the First Amended Complaint.

    **DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 16, 2013.

Copies furnished to:

Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge