**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LARRY RUMBOUGH,

    Plaintiff,

Case No. 6:12-cv-813-Orl DAB

-v-

CHEXSYSTEMS, INC. and JPMORGAN
CHASE & CO.,

    Defendants.

## SECOND AMENDED COMPLAINT

Plaintiff, Larry Rumbough, hereby sues Defendants, CHEXSYSTEMS, INC. and JPMORGAN CHASE & CO.; and alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*.; and for damages for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI) *et seq*.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k), and Fla. Stat. §559.77.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

4. This is an action for damages which does not exceed $75,000.00.

5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

6. Defendant, CHEXSYSTEMS, INC. ("ChexSystems"), is credit reporting agency incorporated in the State of Minnesota, whose corporate address is 7805 Hudson Road, Suite 100, Woodbury MN 55125 and who is not registered or authorized to do business in Florida.

7. Defendant, JPMORGAN CHASE & CO. ("Chase"), is a Delaware corporation, authorized to do business in Florida.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

CHEXSYSTEMS VIOLATIONS AND FACTS

9. ChexSystems willfully provided Plaintiff's consumer report twice to Washington Mutual Bank, now Chase, on May 10, 2007 without verifying that that entity had a permissible purpose to obtain them.

10. ChexSystems willfully provided Plaintiff's consumer report to Wolpoff & Abramson on May 25, 2007 without verifying that that entity had a permissible purpose to obtain it.

11. On March 20, 2008 and May 10, 2008 Plaintiff sent dispute letters to ChexSystems regarding these three inquiries. These letters were received by ChexSystems on March 24, 2008 and May 14, 2008, respectively.

12. ChexSystems first acknowledged Plaintiff's disputes of these three inquiries in a letter that it sent to Plaintiff on May 18, 2008. The letter stated that the reinvestigation of the Wolpoff & Abramson inquiry had been completed and that it had been deleted from Plaintiff's consumer file. It gave no explanation for ChexSystems' having provided Plaintiff's consumer report to Wolpoff & Abramson. It also gave no explanation for the reinvestigation process having taken nearly two months. The letter stated that the reinvestigation of the two Washington Mutual inquiries was still in process.

13. ChexSystems sent a letter to Plaintiff on June 11, 2008 stating that the reinvestigation of the two Washington Mutual inquiries had been completed and that they had been deleted from Plaintiff's consumer file. It gave no explanation for ChexSystems' having provided Plaintiff's consumer report to Washington Mutual twice. It also gave no explanation for the reinvestigation process having taken nearly three months.

14. On April 29, 2008, ChexSystems first sent Plaintiff a consumer report containing the following item: "Washington Mutual Bank 083100003658045". This item was later identified as JPMorgan Chase- Formerly WAMU 083100003658045". This item is inaccurate because Washington Mutual charged overdraft fees totaling $393.99 that were completely unjustified and in strict violation of the agreement that Plaintiff had with Washington Mutual. Plaintiff does not and has never owed this amount to either Washington Mutual or Chase. In fact, Chase has offered to waive these fees.

15. Plaintiff sent dispute letters to ChexSystems regarding this item on May 10, 2008, June 27, 2008, August 12, 2008, September 26, 2008, November 21, 2008, January 5, 2009,

February 20, 2009, May 15, 2009, and September 25, 2009. The details of Plaintiff's disputes are outlined in those letters, all of which dealt with and contained an account of why the report by Washington Mutual was in error and should be removed from Plaintiff's credit file.

16. Despite these dispute letters ChexSystems has willfully refused to delete and/or correct this item. ChexSystems was given numerous opportunities by the Plaintiff to conduct proper reinvestigations of this item, yet it has repeatedly and willfully filed to do so.

17. On May 10, 2008, Plaintiff sent a letter to ChexSystems by certified mail disputing the item reported by Washington Mutual. ChexSystems received that letter on May 14, 2008. On June 12, 2008, ChexSystems responded to Plaintiff's letter indicating that it had conducted a reinvestigation of the disputed information, but claimed that it had been verified as accurate and complete. The letter did not provide Plaintiff with a description of the reinvestigation procedure as Plaintiff had requested.

18. On June 27, 2008, Plaintiff sent a letter to ChexSystems by certified mail disputing the item reported by Washington Mutual. ChexSystems received that letter on July 1, 2008. On July 9, 2008, ChexSystems responded to Plaintiff's letter indicating that it had conducted a reinvestigation of the disputed information, but claimed that it had been verified as accurate and complete. The letter did not provide Plaintiff with a description of the reinvestigation procedure as Plaintiff had requested.

19. On August 12, 2008, Plaintiff sent a letter to ChexSystems by certified mail disputing the item reported by Washington Mutual. ChexSystems received that letter on August 18, 2008. On August 18, 2008, ChexSystems responded to Plaintiff's letter indicating that it had not conducted a reinvestigation of the disputed information, simply referencing its response dated July 9, 2008. ChexSystems' letter did not claim that Plaintiff's dispute was frivolous, and ChexSystems' failure to conduct the required reinvestigation was clearly willful. The letter did not provide Plaintiff with an adequate description of the reinvestigation procedure as Plaintiff had requested.

20. On September 26, 2008, Plaintiff sent a letter to ChexSystems by certified mail disputing the item reported by Washington Mutual. ChexSystems received that letter on September 30, 2008. On October 3, 2008, ChexSystems responded to Plaintiff's letter indicating that it had not conducted a reinvestigation of the disputed information, simply referencing its responses dated July 9, 2008 & August 19, 2008. ChexSystems' letter did not claim that Plaintiff's dispute was frivolous, and ChexSystems' failure to conduct the required reinvestigation was clearly willful. The letter did not provide Plaintiff with an adequate description of the reinvestigation procedure as Plaintiff had requested.

21. On November 21, 2008, Plaintiff sent a letter to ChexSystems by certified mail disputing the item reported by Washington Mutual. ChexSystems received that letter on November 25, 2008. On November 30, 2008, ChexSystems responded to Plaintiff's letter indicating that it had not conducted a reinvestigation of the disputed information, simply referencing it responses dated July 9, 2008, August 19, 2008, & October 3, 2008. ChexSystems'

letter did not claim that Plaintiff's dispute was frivolous, and ChexSystems' failure to conduct the required reinvestigation was clearly willful. The letter did not provide Plaintiff with an adequate description of the reinvestigation procedure as Plaintiff had requested.

22. On January 5, 2009, Plaintiff sent a letter to ChexSystems by certified mail disputing the item reported by Washington Mutual. ChexSystems received that letter on January 9, 2009. On January 13, 2009, ChexSystems responded to Plaintiff's letter indicating that it had not conducted a reinvestigation of the disputed information, simply referencing its response dated November 30, 2008. ChexSystems' letter did not claim that Plaintiff's dispute was frivolous, and ChexSystems' failure to conduct the required reinvestigation was clearly willful. The letter did not provide Plaintiff with an adequate description of the reinvestigation procedure as Plaintiff had requested.

23. On February 20, 2009, Plaintiff sent a letter to ChexSystems by certified mail disputing the item reported by Washington Mutual. ChexSystems received that letter on February 24, 2009. On February 24, 2009, ChexSystems responded to Plaintiff's letter indicating that it had not conducted a reinvestigation of the disputed information, simply referencing its response dated January 13, 2009. ChexSystems' letter did not claim that Plaintiff's dispute was frivolous, and ChexSystems' failure to conduct the required reinvestigation was clearly willful. The letter did not provide Plaintiff with an adequate description of the reinvestigation procedure as Plaintiff had requested.

24. On May 15, 2009, Plaintiff sent a letter to ChexSystems by certified mail disputing the item reported by Washington Mutual. ChexSystems received that letter on May 20, 2009. On May 21, 2009, ChexSystems responded to Plaintiff's letter indicating that it had not conducted a reinvestigation of the disputed information, simply referencing its response dated January 13, 2009. ChexSystems' letter did not claim that Plaintiff's dispute was frivolous, and ChexSystems' failure to conduct the required reinvestigation was clearly willful. The letter did not provide Plaintiff with an adequate description of the reinvestigation procedure as Plaintiff had requested.

25. On June 30, 2009, Plaintiff sent a letter to ChexSystems by certified mail disputing the item reported by Washington Mutual. ChexSystems received that letter on an unknown date. On July 6, 2009, ChexSystems responded to Plaintiff's letter indicating that it had not conducted a reinvestigation of the disputed information, simply referencing its response dated July 9, 2008. ChexSystems' letter did not claim that Plaintiff's dispute was frivolous, and ChexSystems' failure to conduct the required reinvestigation was clearly willful. The letter did not provide Plaintiff with an adequate description of the reinvestigation procedure as Plaintiff had requested.

26. On September 25, 2009, Plaintiff sent a letter to ChexSystems by certified mail disputing the item reported by Washington Mutual. ChexSystems received that letter on September 28, 2009. On October 2, 2009, ChexSystems responded to Plaintiff's letter indicating that it had not conducted a reinvestigation of the disputed information, simply referencing previous responses. ChexSystems' letter did not claim that Plaintiff's dispute was frivolous, and ChexSystems' failure to conduct the required reinvestigation was clearly willful. The letter did

not provide Plaintiff with an adequate description of the reinvestigation procedure as Plaintiff had requested.

27. The letters sent to ChexSystems by Plaintiff, the letters sent by ChexSystems to Plaintiff, and Plaintiff's ChexSystems consumer reports have been previously filed in this case by Plaintiff as Composite Exhibit A ( Doc 24-1) and by ChexSystems as Composite Exhibit A (Doc 25-1).

## CHASE VIOLATIONS AND FACTS

28. Chase, also known as Washington Mutual Bank, has reported false information about Plaintiff to credit reporting agencies, including ChexSystems, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

29. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

30. Chase did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

31. Chase has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

32. On May 10, 2007, Chase obtained Plaintiff's credit report twice from ChexSystems, thereby reducing his credit score. Chase used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification

33. On or about September 1, 2009, Chase sent Plaintiff a letter attempting to collect on a nonexistent alleged debt.

34. On September 29, 2009 Plaintiff sent a letter to Chase demanding validation of the alleged debt. The letter was sent by certified mail and received by Chase on October 1, 2009.

35. Chase did not respond to the letter. Chase has continued to attempt to collect an alleged debt from Plaintiff.

36. On January 29, 2010, Chase obtained Plaintiff's credit report from Experian. Chase used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

37. Chase transferred the account to Capital Management Services, LP; FirstSource Advantage, LLC; and PFG of Minnesota, Inc. for collection on the alleged debt without disclosing that the debt was disputed.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## BY DEFENDANTS CHEXSYSTEMS, CHASE

38. Paragraphs 1 through 37 are realleged as though fully set forth herein.

39. Plaintiff is a consumer within the meaning of §1681a(c).

40. ChexSystems is a consumer reporting agencies as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation.

41. Chase is a furnisher of information within the meaning of §1681s-2.

42. For, at least, two years preceding this suit through the present, ChexSystems has reported and continues to report inaccurate, misleading, and unverifiable adverse information about Plaintiff. This information has consisted of a tradeline and inquiries.

43. ChexSystems reported this inaccurate and adverse information despite receiving numerous written notices by Plaintiff disputing the inaccurate information.

44. §1618(n) provides for liability against a consumer reporting agency that willfully fails to comply with any requirement imposed by FCRA.

45. §1681e(b) provides:
"Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

46. §1681i(a) provides:
"If the completeness or accuracy of any item of information contained in a consumer's file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information....If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information....

47. §1681i(b) provides:
"If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one-hundred words if it provides a consumer with assistance in writing a clear summary of the dispute."

48. §1681i(c) provides:
"Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer statement or a clear and accurate clarification or summary thereof."

49. §1681b(f) provides:
"A person shall not use or obtain a consumer report for any purpose unless—
(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

50. §1681s-2 provides:
"After receiving notice pursuant to section §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section §1681i;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

51. §1681s-2 provides:
"If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer."

52. ChexSystems violated the FCRA. ChexSystems' violations include, but are not limited to, the following:
    a) failing, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report;
    b) failing to provide all of the information on file, in violation of §1681(g);

7

  c) failing to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c);

  d) failing to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);

  e) failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof in violation of §1681(i)(c);

  f) failing to properly advise Plaintiff of his ability to make a consumer explanation;

  g) failing to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff;

  h) failing to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or by failing to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor;

  i) failing to permanently correct Plaintiff's report after repeated notification by Plaintiff;

  j) failing to properly reinvestigate Plaintiff's disputes; and by

  k) concealing from or misrepresenting facts to Plaintiff regarding his report.

53. Chase violated the FCRA. Defendant's violations include, but are not limited to, the following:

  (a) Chase willfully violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b.

  (b) Chase violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against ChexSystems and Chase for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

### COUNT II
### VIOLATION OF FAIR DEBT COLLECTION
### PRACTICES ACT (FDCPA), 15 U.S.C. §1692
### BY DEFENDANT CHASE

54. Paragraphs 1 through 37 are realleged as though fully set forth herein.

55. Plaintiff is a consumer within the meaning of §1692a(3).

56. Chase is a debt collector within the meaning of §1692a(6).

57. Chase violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Chase violated §1692e(2) by falsely representing the character, amount, or legal status of any debt.
(b) Chase violated §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.
(c) Chase violated §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
(d) Chase violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
(e) Chase violated §1692e(11) by failing to warn that it was a debt collector.
(f) Chase violated §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
(g) Chase violated §1692g by failure to send a validation notice within five days of the initial communication.
(h) Chase violated §1692g(b) by not ceasing collection efforts until the debt was validated.

WHEREFORE, Plaintiff demands judgment for damages against Chase, for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT III
## VIOLATION OF FLORIDA CONSUMER COLLECTION
## PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI)
## BY DEFENDANT CHASE

58. Paragraphs 1 through 37 are realleged as though fully set forth herein.

59. Plaintiff is a consumer within the meaning of §559.55(2).

60. Chase is a debt collector within the meaning of §559.55(6).

61. Chase violated the FCCPA. Defendant's violations include, but are not limited to, the following:
(a) Chase violated §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.
(b) Chase violated §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.
(c) Chase violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against Chase for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: April 30, 2013

> Respectfully submitted,
>
> __/s/J. Marshall Gilmore_____
> J. Marshall Gilmore
> Florida Bar No. 840181
> 1936 Lee Road, Suite 100
> Winter Park, FL 32789
> (407) 629-7322
> (407) 599-3801 fax
> mgilmore@mgilmorelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this April 30, 2013 electronically via Clerk of the Court by CM/ECF delivery to all parties of record.

> _/s/J. Marshall Gilmore_____
> J. Marshall Gilmore, Esq.